No. 2--02--0746

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE   ) Appeal from the Circuit Court

OF ILLINOIS, ) of Lake County.

)

Plaintiff-Appellee, 
 )

)

v. ) No. 02--CF--2246

)       

ALLEN DOWNEY, ) 
Honorable

) Mary S. Schostok,

Defendant-Appellant.
 
 ) Judge, Presiding.

_____________________________________________________________________________
_ 

Modified Upon Denial of Rehearing
 

JUSTICE McLAREN delivered the opinion of the court:

In this interlocutory appeal, defendant, Allen Downey, appeals the trial court's order granting the State's motion to disqualify defense counsel, Michael J. Perillo, Jr.  We previously dismissed this appeal for lack of jurisdiction, in a Rule 23 order filed July 8, 2003.  Defendant filed a petition for leave to appeal with the Illinois Supreme Court.  Defendant's petition was denied, but our supreme court entered a supervisory order directing this court to vacate our prior dismissal and consider the merits of the case. We reverse and remand for further proceedings.

Initially, we address the State's motion to dismiss based on lack of jurisdiction pursuant to Supreme Court Rule 604. 188 Ill. 2d R. 604.  We deny this motion because this court has jurisdiction pursuant to the supreme court's supervisory order.  Citing Supreme Court Rules 324 (155 Ill. 2d R. 324) and 608 (177 Ill. 2d R. 608), the State also asserts that we must dismiss this appeal because defendant failed to file a complete certified record.  We deny this motion because the uncontroverted facts contained in the certified record are sufficient to address the legal issues in this appeal.  However, we grant defendant's motion to cite additional authority.

The facts are taken from the record.  Defendant was charged by indictment with two counts of predatory criminal sexual assault of a child, two counts of criminal sexual assault, and two counts of aggravated criminal sexual abuse.  During the pretrial proceedings, the State filed a motion to disqualify defendant's counsel, Michael J. Perillo, Jr., and his law firm, Sullivan, Smith, Hauser & Noonan, Ltd., alleging a 
per se
 conflict of interest.  It is uncontroverted that Robert Hauser, a partner at Perillo's law firm, represented the alleged victim's grandmother and guardian, Bessie Brown, in an unrelated civil lawsuit that was dismissed in May 2002.  In its petition to disqualify, the State alleged that Perillo had on occasion helped Hauser in matters relating to Bessie Brown's civil lawsuit.  The State claimed that defendant named Hauser as a potential witness, Bessie Brown did not want Hauser to testify about family information he learned while representing her, and she did not want to be cross-examined by Perillo. 

Defendant filed a response to the State's motion, arguing that the motion be denied because the State failed to plead any specific facts suggesting a conflict of interest.  Defendant filed an affidavit, waiving any potential conflict of interest.

The trial court granted the State's motion, finding that there was a 
per se
 conflict of interest.  The trial court permitted defendant to pursue this interlocutory appeal.  We now review this appeal in accordance with the supreme court's supervisory order.

On appeal, defendant argues that the trial court erred by granting the State's motion to disqualify Perillo as defense counsel because, even if there was a 
per se
 conflict, defendant knowingly waived any alleged conflict of interest.

Initially, we note that the Illinois Supreme Court recently explained in 
People v. Ortega
, 209 Ill. 2d 354, 364 (2004), that the concept of a 
per se
 conflict applies only to cases where a defendant claims ineffective assistance of counsel due to his attorney's alleged conflict, absent a waiver by the defendant.  Because this is not such a case, the concept of 
per se
 conflict is inapplicable and we will apply the concept of potential conflict as explained by 
Ortega
.

Generally, the constitutional right to counsel includes the right to counsel of one's own choosing.  U.S. Const., amend. VI.  However, this right is not absolute.  
Ortega
, 209 Ill. 2d at 358.  Where there is a serious potential for conflict that outweighs the defendant's right to counsel of choice, a trial court may grant a motion to disqualify defense counsel.  
Ortega
, 209 Ill. 2d at 361.  A defendant may waive a serious potential for conflict, but a valid waiver will have no effect where a defendant's right to counsel of choice is outweighed by the State's right to a fair trial or the need to avoid the appearance of impropriety.  
Ortega
, 209 Ill. 2d at 361.  A trial court's decision regarding a motion to disqualify will not be disturbed absent an abuse of discretion. 
Ortega
, 209 Ill. 2d at 359.

In this case, defendant waived any alleged potential conflict.  Therefore, we must determine whether the trial court properly found that defendant's right to counsel of choice is outweighed by the State's right to a fair trial and the need to avoid the appearance of impropriety.  
Ortega
, 209 Ill. 2d at 361.

In 
Ortega
, our supreme court held that the trial court had not abused its discretion by disqualifying defense counsel even though the defendant had waived any potential conflict.  Ortega was charged in connection with the sale of almost one kilogram of cocaine.  The trial court heard evidence that the sale was arranged by Montez, a confidential informant.  Ortega was represented by Robert Novelle.  Montez was represented by Donald Novelle, Robert's brother and law partner.  Both Ortega's and Montez's cases involved the same drug transaction, and Robert received confidential information from Donald about Montez.  Our supreme court determined that a reasonable person could conclude that it would be unfair to the State if defense counsel used confidential information to cross-examine Montez or otherwise used the information in Ortega's defense.  Further, the public could reasonably conclude that the trial was not fair when it learned that the same law firm represented both a prosecution witness and a defendant in connection with the same case. 
Ortega
, 209 Ill. 2d at 370.

Assuming that a serious potential for conflict exists, we must then examine "whether the court applied legally proper criteria to determine that the conflict overcomes the presumption in favor of counsel of choice."  
Ortega
, 209 Ill. 2d at 369.  In this case, the trial court dealt with the issue of a conflict of interest but did not consider the factors set forth in 
Ortega
.  Failure to apply the correct legal criteria when weighing the facts amounts to an abuse of discretion by the trial court.  
Ortega
, 209 Ill. 2d at 360.  Thus, we vacate the trial court's order granting the State's motion to disqualify defense counsel, and we remand so that the trial court can apply the appropriate legal criteria enunciated by 
Ortega
.   

We find it important to note that the case at bar is distinguishable from 
Ortega
.
  
Unlike in 
Ortega
, 
the record in this case is incomplete.  It contains only vague claims of a potential conflict
.  
The
 
record in this case contains no evidence establishing a substantial relationship between Brown's civil matter and defendant's criminal prosecution.  In 
President Lincoln Hotel Venture v. Bank One, Springfield
, 271 Ill. App. 3d 1048, 1060 (1994), the appellate court explained:

"[I]f a 'substantial relationship' is not shown, no confidences have been shared or the presumption that confidences have been shared is rebutted, an attorney cannot be disqualified solely on the ground that there exists 'an appearance of impropriety' because Canon 9 by itself is 'simply too weak and too slender a reed' upon which to order disqualification." 

In this case, Bessie Brown, a potential witness for the State, was represented by the same law firm as defendant, and Brown's attorney, Hauser, was disclosed as a possible witness for defendant.  But the record contains no evidence that Brown's case and defendant's case arose from the same set of facts or had any facts in common.  The record shows only that Hauser represented Brown in a civil matter that was dismissed two years before defendant's case began, and the law firm no longer represents Brown in any matter.  The record contains no basis for Brown's concern that Hauser obtained confidential information that is relevant and admissible in defendant's criminal case
 
or that any information was conveyed to Perillo that could result in an appearance of impropriety.  If the nature and extent of the alleged potential conflict remains a contested issue after the parties review 
Ortega
, we direct the trial court to conduct a hearing.  Should a hearing be held, the State must present evidence supporting its motion for disqualification.

Reversed and remanded.

BOWMAN and KAPALA, JJ., concur.